IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MURPHY and CYNTHIA MURPHY,  )<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>SUZANNE M. HERBERT and  )<br>SAFECO INSURANCE COMPANY OF  )<br>ILLINOIS,  )<br>)<br>Defendants.  ) | Cause No.: 4:08-CV-2035<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION TO STRIKE
DR. ROBERT SCIORTINO AND DR. GEORGE SCHOEDINGER AS
EXPERT WITNESSES, AND TO LIMIT THEIR TESTIMONY TO OPINIONS
GENERATED FROM THE TREATMENT AND CARE OF PLAINTIFF**

COMES NOW defendant, Safeco Insurance Company of Illinois, and for its Motion to Strike Dr. Robert Sciortino and Dr. George Schoedinger as Expert Witnesses, and to limit their testimony at trial to only those facts and opinions generated from the treatment and care of Plaintiff, states as follows:

1. Preliminarily, Defendant states to the Court that this Motion is being brought before the Court at this stage of litigation due to the fact that the deposition of Plaintiff's treating physician, Dr. Schoedinger, was only recently scheduled by Plaintiffs' counsel and taken on December, 2, 2009. Thus, the deposition was taken after the deadline to file pre-trial motions in this case.

2. As trial in this matter was rescheduled, and a new trial date has yet to be selected, it is believed that no party will be prejudiced by the Court taking up this Motion at the present time.

3. On or about December 28, 2007, Plaintiffs Joseph and Cynthia Murphy filed their Complaint for damages arising from a motor vehicle collision.

4. During the course of discovery in this case, and as required by the Court's Case Management Order, Plaintiffs disclosed Dr. Robert Sciortino and Dr. George Schoedinger as expert witnesses in this case.

5. However, Plaintiffs' expert witness disclosures failed to comply with Fed. R. Civ. P. 26(a)(2) insofar as they were not accompanied by written and signed expert reports containing their opinions, nor did they include much of the other information required under the rule. (See Exhibit A, Plaintiffs' Rule 26(a)(2) Disclosures).

6. Subsequently, during the depositions of Dr. Sciortino and Dr. Schoedinger, both doctors offered testimony regarding several matters that were completely extraneous to their treatment and care of Plaintiff Joseph Murphy. (See Exhibit B, Deposition of Dr. Robert Sciortino, Pages 18-25; Exhibit C, Deposition of Dr. George Schoedinger, Pages 16-27).

7. These matters included opinions on causation, as well as comments on pre-existing reports and radiological films that were not available or utilized when these doctors treated the Plaintiff. (See Exhibit B, Deposition of Dr. Robert Sciortino, Pages 18-25; Exhibit C, Deposition of Dr. George Schoedinger, Pages 16-27).

8. These opinions extend far beyond the facts disclosed or discovered during the care and treatment of Plaintiff Joseph Murphy, and thus fall within the scientific and technical realm of expert testimony. (See Exhibit B, Deposition of Dr. Robert Sciortino, Pages 18-25; Exhibit C, Deposition of Dr. George Schoedinger, Pages 16-27).

9. Because Dr. Sciortino and Dr. Schoedinger were not properly disclosed as expert witnesses under Rule 26(a)(2), both should be prohibited from offering expert testimony at trial.

10. Further, any and all testimony offered by Dr. Sciortino or Dr. Schoedinger at trial should be limited only to facts and opinions generated during their care and treatment of Joseph Murphy, and should not extend into causation, prognosis, nor any other opinion generated solely at the request of Plaintiffs' attorneys.

WHEREFORE, for the reasons stated in the attached Memorandum in Support, Defendant prays that this Court sustain its Motion to Strike Dr. Robert Sciortino and Dr. George Schoedinger as Expert Witnesses, and to limit their testimony at trial to only those opinions generated from the treatment and care of Plaintiff, and for such other and further relief as this Court deems just and proper under the circumstances.

**BROWN & JAMES, P.C.**

/s/ Bradley R. Hansmann
Russell F. Watters, #4653
Bradley R. Hansmann #109827
Attorneys for Defendant
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400
314-421-3128 – FAX
rwatters@bjpc.com
bhansmann@bjpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:  Kevin L. Fritz, Andrew G. Toennies, and Patrick E. Foppe, LASHLY & BAER, P.C., 714 Locust Street, St. Louis, MO  63101, *attorney for Plaintiffs*.

                                              /s/ Bradley R. Hansmann

8528508