IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MURPHY and CYNTHIA MURPHY, ) ) ) | |
| Plaintiffs, ) ) | Cause No.: 4:08-CV02035 |
| vs. ) ) ) | |
| SAFECO INSURANCE COMPANY OF ILLINOIS, ) ) ) ) | |
| Defendant. ) | |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DR. ROBERT SCIORTINO AND DR. GEORGE SCHOEDINGER AS EXPERT WITNESSES

Plaintiffs Joseph Murphy and Cynthia Murphy, for their Memorandum in Opposition to Defendant's Motion to Strike Dr. Robert Sciortino and Dr. George Schoedinger as Expert Witnesses, state:

1. Defendant Safeco Insurance Company has filed a Motion with the Court, seeking to strike Plaintiffs' experts, both of whom are Plaintiff Joseph Murphy's treating physicians, from testifying at trial. Defendant contends Plaintiffs purportedly failed to submit expert reports of Dr. Sciortino and Dr. Schoedinger pursuant to Fed. R. Civ. P. 26(a)(2). This is wrong and Defendant's Motion should be denied.

2. As a preliminary matter, to the extent that Defendant's Motion intimates that Plaintiffs have been somehow dilatory in taking the depositions of Dr. Sciortino and Dr. Schoedinger, it should be noted that Plaintiffs tendered both of these experts for depositions before the July 2, 2009 deadline under the Amended Case Management Order, but the depositions were postponed on several occasions due to Defendant's failure to pay the expert's

deposition fees and due to conflicts of the parties and experts. Nevertheless, Plaintiffs took Dr. Sciortino's and Dr. Schoedinger's depositions with the consent of Defendant's counsel. Moreover, this matter is not currently set for trial.

3. With regard to the expert disclosure issue, Plaintiffs have repeatedly and timely disclosed Dr. Sciortino and Dr. Schoedinger as treating physicians in this matter and have produced each doctor's records and bills in Plaintiffs' counsel's possession. *See* Plaintiffs' Designation of Expert Witnesses served on or about March 19, 2009, attached hereto as Exhibit 1; Plaintiffs' Rule 26(A)(2) Report served on or about September 16, 2009, attached hereto as Exhibit 2.

4. Further, Plaintiffs' disclosures of Dr. Sciortino and Dr. Schoedinger complied with Fed. R. Civ. P. 26(a)(2). Dr. Sciortino and Dr. Schoedinger are Plaintiff Joseph Murphy's treating physicians, and therefore, are exempt from having to prepare a written report. The "written report" requirement under Fed. R. Civ. P. 26(a)(2)(B) applies only to experts who are "retained or specially employed to provide expert testimony." Here, Dr. Sciortino and Dr. Schoedinger are Plaintiff Joseph Murphy's treating physicians. In addition, Defendant's Motion erroneously suggests Dr. Sciortino and Dr. Schoedinger must be classified as retained experts merely because each will offer opinions on causation. Defendant has failed to specifically indentify any binding precedent that reaches that broad conclusion. Treating physicians routinely testify as to matters of causation without the requirement or necessity of a written report.

5. In any event, Plaintiffs have satisfied the written report requirement of Fed. R. Civ. P. 26(a)(2)(B) by producing and making available the records of Dr. Sciortino and Dr. Schoedinger, which fully and adequately disclose their respective opinions. *See* Dr. Sciortino's

reports and Dr. Schoedinger's reports attached hereto as Exhibit 3 and 4, respectively. These reports and records were mentioned in correspondence to Defendant's counsel as early as September 25, 2008, and again on February 9, 2009. *See* Letters attached hereto as Exhibit 5. Further, these reports were produced to Defendant in Plaintiffs' responses to written discovery. *See* Plaintiff Joseph Murphy's Answers to Interrogatories served on or about March 18, 2009, Nos. 5 and 18, attached hereto as Exhibit 6; Plaintiffs' Responses to Defendant's First Request for Production of Documents, No. 1, attached hereto as Exhibit 7. Moreover, Plaintiffs provided Defendant medical authorizations for it to independently obtain all relevant medical records, reports, and bills. *Id.* Plaintiffs are simply bewildered that Defendant is complaining that Plaintiffs did not comply with Fed. Rule Civ. P. 26(a)(2).

6.     Defendant's Motion would have this Court believe that Plaintiffs have blindsided Defendant with Dr. Sciortino and Dr. Schoedinger's opinions. This is simply not true. In fact, Plaintiffs have repeatedly sought to apprize Defendant of Dr. Sciortino's and Dr. Schoedinger's anticipated opinions and Defendant had a full and fair opportunity to cross-examine each doctor regarding their opinions at their respective depositions. *See* Transcript of Dr. Schoedinger's Deposition at pp. 27-51, attached hereto as Exhibit 8; Transcript of Dr. Sciortino's Deposition at pp. 26-57, 63-67, attached hereto as Exhibit 9. Therefore, it is believed that Defendant has not been prejudiced in this matter.

**WHEREFORE,** Plaintiffs respectfully request the Court to deny Defendant's Motion to Strike Dr. Robert Sciortino and Dr. George Schoedinger as Expert Witnesses, and for such other and further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

/s/ Patrick E. Foppe
Kevin L. Fritz           #42423
Andrew G. Toennies       #106356
Patrick E. Foppe         #519654
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939 – Telephone
(314) 621-6844 – Facsimile
klfritz@lashlybaer.com
atoennies@lashlybaer.com
pfoppe@lashlybaer.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 29, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon: Russell F. Watters, Bradley R. Hansmann, Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis, Missouri 63101, Attorneys for Defendant.

/s/ Patrick E. Foppe