UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MURPHY and CYNTHIA MURPHY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:08CV2035 CDP |
| SAFECO INSURANCE COMPANY of ILLINOIS, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

On March 2, 2010, I entered judgment in this case in defendant Safeco Insurance Company of Illinois's favor, taxing costs against plaintiffs Joseph and Cynthia Murphy. Safeco has now filed a bill of costs seeking $4,164.59.

Under Fed. R. Civ. P. 54(d), "costs – other than attorney's fees – should be allowed to the prevailing party." The specific costs that are recoverable are set out in 28 U.S.C. § 1920, as follows:

(1)  Fees of the clerk and marshal;

(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

It is well settled that district courts are "bound by the limitations" established by section 1920, and costs not listed under that section are not taxable. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).

Because judgment was entered in its favor, Safeco is the prevailing party in this litigation and is entitled to reimbursement for its costs as set out in section 1920. However, I conclude that several charges for which Safeco seeks recovery are not taxable to plaintiffs, including (1) $700.00 in costs for video services during trial, and (2) $800.00 for defendant's mediation fees. These costs are not specified under section 1920, and so are not taxable to plaintiffs. *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782-83 (8th Cir. 2002) (mediation fees not recoverable because the are not listed in section 1920).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for a bill of costs [#86] is granted to the extent that the Clerk of the Court shall tax costs in the amount of $2,664.59.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration [#87] is denied.

                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2010.